IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY HAILER, | Civil Action |
| Plaintiff, | No. 2:23-CV-01480-PLD |
| v. | |
| ALLEGHENY COUNTY, | |
| Defendant. | |

## Defendant's Answer and Affirmative Defenses

Now Come the Defendant, by Assistant Allegheny County Solicitors John A. Bacharach and Lisa G. Michel and answers Plaintiff's Complaint as follows:

1. It is admitted that Brittany Hailer is the Plaintiff. The remaining averments are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials. Further, Plaintiff has not attached any of the alleged policies to her complaint.

2. The average Allegheny County Jail ("ACJ") census varies depending on the definition. It is denied that the ACJ death rate is "nearly twice the national average." Twenty deaths occurred in persons confined to the ACJ from April 2020 to the filing date of the Complaint, if deaths while persons are admitted to a hospital are included.

3. It is admitted that all authorized staff positions are not currently filled. The remaining averments are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials.

4. Not admitted. These averments are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions

or denials. The term "Gag Rule" is a pejorative term without legal significance that has no place in a Federal Court complaint. All references to a "Gag Rule" are denied.

5. Not admitted. These averments are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials.

6. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response. The averments of this paragraph are legal conclusions that require no response or are matters about which the Defendant lacks sufficient knowledge to make judicial admissions or denials.

7. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response. The averments of this paragraph are legal conclusions the require no response or are matters about which the Defendant lacks sufficient knowledge to make judicial admissions or denials.

8. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response. The averments of this paragraph are legal conclusions the require no response or are matters about which the Defendant lacks sufficient knowledge to make judicial admissions or denials.

9. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response, the averments of this paragraph are matters about which Defendant lacks sufficient knowledge to make judicial admissions or denials.

10. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

11. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

12. Admitted.

13. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

14. It is admitted that Allegheny County is a home rule county government in the Commonwealth of Pennsylvania.

## Answer to the Factual Averments of the Complaint

15. Not admitted. The Allegheny County Bureau of Corrections is an administrative unit of Allegheny County, which operates the Allegheny County Jail.

16. This paragraph refers to a document that is not attached to the Complaint and speaks for itself.

17. This paragraph refers to a document that is not attached to the Complaint and speaks for itself.

18. This paragraph refers to a document that is not attached to the Complaint and speaks for itself.

19. This paragraph refers to a document that is not attached to the Complaint and speaks for itself.

20. This paragraph refers to a document that is not attached to the Complaint and speaks for itself.

21. Not admitted. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

22. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

23. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response, the averments of this paragraph are matters about which Defendant lacks sufficient knowledge to make judicial admissions or denials.

24. Twenty deaths occurred in persons who were detained in the ACJ from April 2020 to the filing date of the Complaint if deaths of those admitted to a hospital are included. The term "Gag Rule" is an undefined pejorative term. By way of further response, the averments of this paragraph are matters about which Defendant lacks sufficient knowledge to make judicial admissions or denials. The averments of this paragraph are denied. The Jail provides medical records to the authorized representative of the deceased.

25. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. It is admitted, however twenty deaths occurred in persons confined to the ACJ from April 2020 to the filing date of the Complaint if deaths in a hospital are included.

26. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response. The averments of this paragraph are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials.

27. Not admitted. The term "Gag Rule" is an undefined pejorative term. By way of further response. The averments of this paragraph are legal conclusions the

require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials.

28. Not admitted.  The term "Gag Rule" is an undefined pejorative term. By way of further response. The averments of this paragraph are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials.

29. Not admitted.  The term "Gag Rule" is an undefined pejorative term.. By way of further response. The averments of this paragraph are legal conclusions the require no response or are matters about which it lacks sufficient knowledge to make judicial admissions or denials. In addition this document refers to a document that speaks for itself.

30. The term "Gag Rule" is an undefined pejorative term. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

31. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

32. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

33. The term "Gag Rule" is an undefined pejorative term. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count One.

34. All prior paragraphs are incorporated by reference.

35. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

36. Not admitted.  The term "Gag Rule" is an undefined pejorative term. By way of further response, the averments of this paragraph are legal conclusions to which no response is required.

37. Denied. By way of further response, the averments of this paragraph are legal conclusions to which no response is required.

## Count Two

38. All prior paragraphs are incorporated by reference.

39. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

40. Not admitted.  The term "Gag Rule" is an undefined pejorative term.  . By way of further response, the averments of this paragraph are legal conclusions to which no response is required.

41. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

42. Denied.

## Affirmative Defenses

43. Defendant incorporates the foregoing paragraphs as though set forth completely herein.

44. Plaintiff has failed to establish, and cannot establish, proper subject-matter jurisdiction to sustain this suit.

45. Plaintiff has failed to state facts showing, and cannot establish facts showing, that ACJ employees acted under color of state, local or federal statute, ordinance, custom, policy, regulation, usage, law, or authority in a way violating any due process rights, other constitutional rights, or other legal rights had by Plaintiff.

46. Plaintiff has failed to establish, and cannot establish, that Allegheny County implemented or followed any unconstitutional customs or policies, that any high County official knew of, should have known of, or acquiesced in, any unconstitutional conduct, customs, or policies, or that Allegheny County engaged in any constitutional conduct in any way whatsoever.

47. Allegheny County engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that interfered with Plaintiff's constitutional/legal rights, that violated Plaintiff's constitutional/legal rights, and/or that violated any duties the County had to the Plaintiff.

48. Allegheny County engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that caused Plaintiff any harm, injuries, or damages.

49. Allegheny County was not recklessly indifferent to, or deliberately indifferent to, Plaintiff's needs and/or rights.

50. At no time did Allegheny County act in any way that could be deemed negligent, reckless, or recklessly, deliberately, or intentionally indifferent to Plaintiff's constitutional rights and/or other legal rights.

51. Plaintiff has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against, or entitling Plaintiff to recover any damages, attorneys' fees, or costs from, any Defendant.

52. Plaintiff has failed to state a claim, and cannot establish a claim, of any civil rights violation or other violation by Allegheny County.

53. Plaintiff has otherwise failed to state any claim, and cannot establish any claim, upon which relief can be granted against Defendant under the Fourteenth Amendment to the U.S. Constitution or the First Amendment to the U.S. Constitution, or any other provision of the U.S. Constitution, 42 U.S.C. §§ 1983, 1988, any U.S. civil rights act and/or amendments thereto, any other federal laws or provisions, any provision of the Pennsylvania Constitution, any other Pennsylvania laws or provisions, or any other legal or equitable authority of any type whatsoever.

54. At all times relevant hereto, Allegheny County took appropriate actions and used appropriate customs, directives, policies, practices, procedures, and protocols to protect Plaintiff's rights and to meet all duties the County had to Plaintiff.

55. Allegheny County met all of its constitutional and statutory duties vis-à-vis Plaintiff.

56. The Plaintiff has otherwise waived all claims against Allegheny County.

57. Plaintiff's suit is barred wholly or in part by the applicable statute of limitations.

58. Plaintiff's suit is barred by laches.

59. To the extent not already pled by the Allegheny County, it asserts that Plaintiff cannot demonstrate any conduct, policy, harm, injury, or damage constituting a constitutional violation and/or establishing a right to relief.

60. Allegheny County is entitled to recover from Plaintiff all attorneys' fees and costs incurred by the County in defending this suit.

61. The Defendant's conduct was not the legal cause of Plaintiff's alleged constitutional injury.

62. The Defendant reserves the right to raise all other defenses available under any and all applicable laws by amending this answer and affirmative defenses and/or by raising such other defenses at the summary judgment stage of this case and/or by raising such other defenses at the trial of this case.

63. Plaintiff lacks standing to assert claims of persons other than herself.

WHEREFORE, the Defendant demand judgment in its favor against Plaintiff. Allegheny County also demands all attorneys' fees and all costs incurred by it in defending this suit.

Respectfully submitted,

*/s/ Lisa G. Michel*
Lisa G. Michel
Assistant County Solicitor
Pa. I.D. #59997

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1167
Lisa.Michel@alleghenycounty.us

/s/John A. Bacharach
Allegheny County Assistant Solicitor
PA ID 19665
Allegheny County Law Department
30 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1150

A JURY TRIAL IS DEMANDED TO THE EXTENT AUTHORIZED BY LAW OR RULE